UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                                   )

Larisa Shiryaeva                          )

and                                                     )

Tavakkiul Tavakkiulev             )
A 241-967-027                     )
                                                 )    **PETITION FOR WRIT OF MANDAMUS**

                                                 )    Case No.: 1:25-cv-3532

              Plaintiffs,            )

v.                                                  )

Kevin Riddle, Chicago Field
Office Director at USCIS; Kika Scott,
Senior Official Performing the Duties
of the USCIS Director; Kristi
Noem, Acting Secretary Department
of Homeland Security; Pamela Bondi,
Attorney General at U.S. Department of
Justice

&

Kash Patel,
Director, Federal Bureau of
Investigation,

                     Defendants.
_____

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
PETITION FOR WRIT OF MANDAMUS**

Plaintiffs, Ms. Larisa Shiryaeva and Mr. Tavakkiul Tavakkiulev, by and through their undersigned attorney, file this Complaint, hereby stating and alleging the following:

**NATURE OF THE ACTION**

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §1361; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §555 and §702, the Administrative Procedure Act ("APA"). Plaintiffs request issuance of an order to compel Defendants to adjudicate Plaintiffs' Form I-130, Petition for Alien Relative (hereinafter "Petition"), which was filed by one Plaintiff, a U.S. citizen, Ms. Larisa Shiryaeva, on behalf of another Plaintiff, her spouse, a national and a citizen of Russia, Mr. Tavakkiul Tavakkiulev, and was received by USCIS on December 19, 2022. **Exhibit A**.

2. The Plaintiffs' Petition was filed under 8 U.S.C. § 1154 (Sec. 204 of the Immigration and Nationality Act ("INA")). Plaintiffs provided all necessary documentation to allow USCIS to adjudicate their I-130 Petition. They inquired with the USCIS Chicago Field Office and requested to receive an update or a decision on their petition. **Exh. B**. Plaintiffs also inquired with the Congressional Office of Bill Foster. **Exh. C**. Despite Plaintiffs' requests, USCIS improperly withheld timely action on the Petition to Plaintiffs' detriment for more than 820 days.

**PARTIES**

3. The Plaintiffs are Ms. Larisa Shiryaeva and Mr. Tavakkiul Tavakkiulev. The Lead Plaintiff is Ms. Larisa Shiryaeva, a United States citizen. Ms. Shiryaeva's spouse, Mr. Tavakkiul Tavakkiulev, is a national and citizen of the Russian Federation. Plaintiffs currently reside in Naperville, Illinois.

4. The Defendants are (i) The Department of Homeland Security and its component subagencies, (ii) the Federal Bureau of Investigation (FBI), and (iii) federal officials sued in their official capacities employed by the agencies.

5. USCIS is the Defendant Agency charged with inter alia adjudicating I-130, petitions for alien relatives. It has the obligation to adjudicate the petition for alien relative filed by Plaintiffs. The USCIS Chicago Field Office is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate the petition for alien relative filed by Plaintiffs. These

named USCIS officials have direct control and responsibility over the petition for alien relative filed by Plaintiffs. The FBI is named as a party to this action because it has direct control over the security checks relating to the petition for alien relative filed by Plaintiffs. Any named Defendant is sued in his or her official capacity only.

## LEGAL BASIS

6. Under the Administrative Procedure Act ("APA"), within a reasonable time, each agency must "conclude a matter presented to it," 5 U.S.C. § 555(b), and "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed, *id*. § 706(1).

7. The Mandamus Act also provides that this court has "original jurisdiction in the nature of mandamus to compel an officer of employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.

8. Mandamus relief is granted "if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002).

9. As underlined by the statutes, a plaintiff who seeks to compel unreasonably delayed action under the Mandamus Act and the APA must make "essentially the same showing for both claims." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008).

10. It is well-established that where individuals are given a right to apply for a benefit, they also have a right to receive a decision on their application. *Iddir v. I.N.S.*, 301 F.3d 492, 500 (7th Cir. 2002). The administrative authority delegated by Congress has a non-discretionary and mandatory duty to adjudicate those applications within a reasonable time, regardless of the ultimate decision on the application. *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999.), *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019).

11. Congress has provided that processing petitions regarding immigration benefits, such as Form I-130, "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

12. DHS itself has also imposed such a duty to complete adjudication in its own regulations, 8 C.F.R. § 245(2), and as the Supreme Court holds, these regulations have the "force of law." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004).

13. Even assuming that Congress does not impose such duty or set a time limit, the USCIS is still bound by the APA and must process the petition and reach a decision within a reasonable time.

5 U.S.C. § 555(b); *Iddir*, 301 F.3d at 500 (explaining that the agency has a clear, statutory duty to adjudicate adjustment of status applications); *Xu v. Cissna*, 434 F. Supp. 3d 43, 52 (S.D.N.Y. 2020) (holding that the Plaintiff's right to adjudication within a reasonable time exists independently of the enabling statute); *Villa v. U.S. Dept. of Homeland Sec.*, 607 F. Supp. 2d 359, 365 (N.D.N.Y. 2009) (finding mandatory duty to adjudicate adjustment application in a reasonable amount of time). *See also Yu v. Brown*, 36 F. Supp. 2d at 930; *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997).

14. Therefore, USCIS has the discretion to deny or grant a benefit but does not have discretion to not adjudicate a petition, and a filer of an I-130 Petition for Alien Relative has a claim under both the APA and the Mandamus Act should they show that the agency action was unreasonably delayed. *Villa*, 607 F. Supp. 2d at 363; *Iddir*, 301 F.3d at 500; *Patel*, 134 F.3d at 933; *Yu*, 36 F. Supp. 2d at 932; *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008).

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §1331; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701 *et seq.*, the APA. It also has jurisdiction in conjunction with 28 U.S.C. §1348 (United States as a defendant); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. §2201-2202 (Declaratory Judgment Act); 5 U.S.C. §551 *et seq.* and §701 *et seq.* (the APA; and Rules 57 (Declaratory Judgments) and 65 (Injunctions) of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions.

16. <u>Exhaustion of Remedies</u>. Plaintiffs have exhausted all administrative remedies available to them. Defendants have failed to provide any meaningful explanation or justification for their failure to adjudicate Plaintiffs' Petition for Alien Relative for more than 820 days from the timely receipt of their Form I-130 on December 19, 2022. **Exh. A.** Plaintiff has made numerous unsuccessful attempts to obtain a resolution of the delay described in this Complaint. These attempts include an inquiry to the Congressional Office of Bill Foster and an online inquiry submitted to USCIS pertaining to Plaintiffs' case being outside of normal processing time. **Exh. B & C**

17. As the inquiries demonstrate (**Exh. B & C**), USCIS's responses have been insufficient. Pursuant to INA § 208 (d), USCIS has a statutory obligation to adjudicate petitions for alien relatives within 180 days of the initial filing date, and Plaintiffs' Petition for Alien Relative has been pending for more than 820 days. The subject case is clearly outside the Congressional intended time frame, and Plaintiff suffers from this excessive and unreasonable delay.

18. Venue lies in the United States District Court for the Northern District of Illinois, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer . . . of the United States . . . acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which" "[t]he plaintiff resides if no real property is at issue." *Id*. Venue is proper in this District because Plaintiffs reside in Naperville, Illinois.

## FACTUAL ALLEGATIONS

19. Ms. Larisa Shiryaeva is a United States citizen. Her spouse, Mr. Tavakkiul Tavakkiulev, is a national and citizen of the Russian Federation. Plaintiffs currently reside in Naperville, Illinois. They properly filed their I-130, Petition for Alien Relative, with USCIS on December 19, 2022, under 8 U.S.C. § 1154 and 8 C.F.R. § 204. **Exh. A**. Defendants acknowledged and receipted the Petition with receipt number IOE0918721060. **Exh. A**.
20. Prior to March 28, 2024, Plaintiffs inquired with the Congressional Office of Bill Foster pertaining to Plaintiffs' Petition being outside of normal processing time. **Exh. C**.
21. On November 12, 2024, Plaintiffs submitted an online inquiry with the USCIS pertaining to Plaintiffs' Petition being outside of normal processing time. **Exh. B**.
22. Despite the Plaintiffs' multiple attempts, as outlined above, the Plaintiffs' Petition remains pending with the USCIS Chicago Field Office. Defendants are unreasonably delaying the adjudication of the Plaintiffs' I-130 Petition by failing to render a decision on the Petition that has been pending for more than 820 days.
23. Plaintiffs have a clear right to have their Petition for Alien Relative adjudicated within a reasonable time. Even though Defendants have sufficient information to process Plaintiffs' Petition, they have been unreasonably delaying their decision for more than 820 days and depriving Plaintiffs of their rights to which they are entitled by law.
24. The adjudication of Plaintiffs' I-130, Petition for Alien Relative, is a non-discretionary act that USCIS must complete in a timely fashion. The Immigration Service and Infrastructure Improvements Act of 2000 clearly indicates that Congress unequivocally intended for immigration applications to be completed within 180 days and not be delayed. In the present case, Plaintiffs' I-130 Petition has been pending for more than 820 days and counting. The stark contrast between the Congressional intent and the time Defendants have been withholding the adjudication makes it clear that the delay is excessive and USCIS has failed its obligation to timely discharge its duties.

*Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 77-82 (D.C. Cir. 1984); *Potomac Electric Power Co. v. ICC ("PEPCO")*, 702 F.2d 1026, 1034 (D.C. Cir. 1983).

25. The Defendants' unreasonable delay and failure to adjudicate the Plaintiffs' Petition violated their rights and caused a significant hardship. By nature, human health and welfare are at its highest risk in the immigration context, and the indefinite and unreasonable administrative delays in adjudication jeopardize human welfare and significantly prejudice alien beneficiaries. *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016); *Kashkool v. Chertoff*, 553 F.Supp.2d 1131, 1145 (D.Ariz.2008). A delayed adjudication damages the petitioner and beneficiary's lives significantly as they cannot stabilize their lives with impediments to their employment and travel ability. *Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014). This uncertainty has a substantial negative impact on their welfare and peace of mind. *Geneme v. Holder*, 935 F. Supp. 2d 184, 194 (D.D.C. 2013).

26. In the present case, the Plaintiffs' physical and economic welfare is injured by the lack of finality in their I-130 Petition. The precarious status created by the unjustified and prolonged delay by USCIS and the FBI leaves Plaintiffs vulnerable. While their Petition remains unadjudicated, Plaintiffs lack access to adequate legal, political, and physical protection, and the numerous benefits attached to the ability for Mr. Tavakkiul Tavakkiulev to apply for legal permanent resident status.

27. Although USCIS has discretion under the law and must consider national security and safety, it is well-established that these principles can never outweigh the plaintiff's interest in adjudication. *Asmai*, 182 F. Supp. 3d at 1096. Plaintiffs' economic and human welfare takes priority over these principles after a certain justified time has passed. *Id*.

28. No other adequate remedy is available to Plaintiffs, and they are prevented from further immigration benefits as they cannot cure their current situation. After time passed without any adjudication of the I-130 Petition, Plaintiffs continued to unsuccessfully seek resolution of the delay. The Defendants' failure of their statutory duty to adjudicate Plaintiffs' Petition put the Plaintiffs' life on hold and slowed the process of obtaining permanent residence, and ultimately, citizenship. *Kashkool*, 553 F.Supp.2d at 1145. The Defendants' unreasonable and unjustified delay precludes Plaintiffs from the opportunity to enjoy their daily lives. *Id*.

29. It is imperative that Plaintiffs' Petition be adjudicated as soon as possible. Defendants failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiffs' I-130 Petition, and the extreme delay in processing cannot be justified by their lack of resources. *Zhou v. F.B.I.*, No: 07-CV-238-PB, 2008 WL 2413896, at *7 (D.N.H. June 12, 2008); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007).

30. Defendants did not adequately respond to Plaintiffs' inquiries and attempts to compel the adjudication of their Petition. Each of the Plaintiffs' requests for a status update was either ignored or provided with an insufficient response indicative of a lack of meaningful review and effort on the part of the Defendants in considering and addressing their request for information on the status of their Petition.
31. Plaintiffs have been waiting patiently for more than 820 days and have no other adequate remedy for the failure to adjudicate their I-130 Petition.

## CAUSES OF ACTION
### Count 1
### Violation of Administrative Procedures Act,
### 5 U.S.C. §555 et seq. and §701 et seq.

32. Plaintiffs incorporate paragraphs 1 through 31, as if fully stated in this Count.
33. Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C. §555(b), which requires federal agencies to conclude matters with reasonable promptness. It is the intent of Congress that the processing of an immigration application should be completed not later than 180 days after the initial filing of the application. Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed. As a result of the Defendants' actions, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

### Count II
### Mandamus Act,
### 28 U.S.C. §1361

34. Plaintiffs incorporate paragraphs 1 through 31, as if fully stated in this Count.
35. Defendants have a duty to administer and enforce the Immigration and Nationality Act (INA). See INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, Defendants have the responsibility to adjudicate Plaintiffs' Petition, but have failed to do so. *See Iddir*, 301 F.3d at 500; *Razik*, No. 02-C-5189, at *6–7. This breach of the Defendants' duty is ongoing, despite all reasonable efforts by Plaintiffs to check the status of the Petition and cooperate with the agency in expediting and concluding this process. Moreover, this breach of the Defendants' duty has no foreseeable

conclusion and could be prolonged for months or even years into the future. Plaintiffs therefore have no remedy available to compel the Defendants to satisfy their statutory obligations but for this federal action. As a result, Plaintiffs have suffered irreparable and/or other harm, money damages, and attorneys' fees, thereby entitling them to injunctive and other relief.

## Count III
### Violation of 8 C.F.R. § 208.9

36. Plaintiffs incorporate paragraphs 1 through 31, as if fully stated in this Count.
37. By delaying the adjudication of Plaintiff's Application, Defendants violate 8 C.F.R. §204.2 , which states, in part, that "[a] United States citizen or alien admitted for lawful permanent residence may file a petition on behalf of a spouse." The Plaintiffs have demonstrated eligibility for an I-130 Petition pursuant to 8 U.S.C. § 1154 and provided all documents for adjudication in compliance with 8 C.F.R. §204.2. Nonetheless, their Petition remains unadjudicated. As a result, Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

## Count IV
### Declaratory Judgment, 28 U.S.C. §2201

38. Plaintiffs incorporate paragraphs 1 through 31, as if fully stated in this Count.
39. The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint are a violation of the INA, a breach of the Defendants' statutory duties, and unconstitutional, arbitrary and capricious. Plaintiffs seek a declaration to that effect pursuant to 28 U.S.C. §2201, and further declaring that Defendants are compelled to adjudicate Plaintiffs' I-130 Petition in the next thirty (30) days.

## Count V
### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

40. Plaintiffs incorporate paragraphs 1 through 31, as if fully stated in this Count.
41. The Defendants' practices, policies, conduct, and/or failures to act as alleged in this Complaint violate the Plaintiffs' right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Plaintiffs are protected by the Fifth Amendment and are guaranteed the enjoyment of due process and equal protection. Because of the delay by the Defendants in granting the Applications, Plaintiffs have suffered a violation of

their due process rights and irreparable and other harm, thereby entitling them to injunctive and other relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court issue a writ directing Defendants to do the following:

1. Order DHS to adjudicate Plaintiffs' I-130 Petition;
2. Grant Plaintiffs their reasonable attorney fees and costs of this action;
3. Grant such further relief as is just and equitable.

Respectfully submitted,

Yllka Seseri
Attorney for Plaintiffs

By: /s/Yllka Seseri
YLLKA SESERI
Davidson & Seseri, LLC
10 S LaSalle Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 561-6000